# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DELAQUAN D. HENDERSON, et al., | : | Case No. 3:22-cv-228 |
| Petitioner, | : | |
| vs. | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Caroline H. Gentry |
| CAPTAIN D. PARIN, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Plaintiffs, prisoners both previously located at the Montgomery County Jail,[1] have filed a pro se civil rights complaint in this Court pursuant to 42 U.S.C. § 1983. By separate Order, plaintiffs have been granted leave to proceed *in forma pauperis*.

This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

## Screening of Plaintiff's Complaint

### A. Legal Standard

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so,

---

[1] Plaintiff Henderson has filed a notice of change of address, indicating that he is now at the Butler County Jail. (*See* Doc. 9).

however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)(2) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. Section 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon its determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

---

[2] Formerly 28 U.S.C. § 1915(d).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).  Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

B. **Allegations in the Complaint**

Plaintiffs bring this action under 42 U.S.C. § 1983 in connection with their alleged exposure to black mold at the Montgomery County Jail.  According to plaintiffs, the named defendants—sergeants, captains, and a nurse at Montgomery County Jail—were notified of the mold issue through the grievance system.  (Doc. 1, Complaint at PageID 3).  Plaintiffs allege that

3

they were "housed in W-44 with the black-mold issue being known or knowable to the named Defendants who recklessly/carelessly did nothing to abate the situation for more than two months." (*Id.*). Plaintiffs allege that W-44 was "shut down" as of March 14, 2022. (*Id.*).

As relief, plaintiffs seek "payment for pain and suffering and charges of Reckless Endangerment brought against [the] named defendants." (*Id.* at PageID 4).

**C. Analysis.**

The Court understands plaintiffs to allege that their conditions of confinement violated their Eighth Amendment rights. The Eighth Amendment requires prison officials "to provide humane conditions of confinement" and to "ensure that inmates receive adequate food, clothing, shelter, and medical care. . . ." *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson,* 832 F.2d 950, 954 (6th Cir. 1987). Rather, "[t]he Eighth Amendment is concerned only with 'deprivations of essential food, medical care, or sanitation,' or 'other conditions intolerable for prison confinement.'" *Richmond v. Settles,* 450 F. App'x 448, 455–56 (6th Cir. 2011) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 348 (1981)).

To establish an Eighth Amendment violation, a plaintiff must first demonstrate objectively the unique deprivation of "the minimal civilized measure of life's necessities." *Id.* at 454 (quoting *Rhodes,* 452 U.S. at 347); *see also Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer,* 511 U.S. at 834) ("[T]he inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."). He then must subjectively show the defendant acted "wantonly, with deliberate indifference to the plaintiff's serious needs." *Richmond*, 450 F. App'x at 455 (citing *Farmer,* 511 U.S. at 834).

4

In this case, plaintiffs have not asserted a plausible claim that any named defendant was deliberately indifferent toward their serious needs. Without any factual elaboration, plaintiff alleges that the mold issue was "known or knowable" to the named defendants and that they "recklessly/carelessly did nothing to abate the situation for more than two months." (Doc. 1, Complaint at PageID 3). Aside from the conclusory allegations that defendants were made aware of the cell conditions through the grievance system,[3] plaintiffs do not include any factual allegation to suggest that defendants were actually aware of, much less deliberately indifferent to, their allegation that black mold is present in W-44. An allegation that defendants failed to respond satisfactorily to plaintiffs' administrative grievances is insufficient to plausibly suggest that defendants were deliberately indifferent toward their serious needs. *See Davis v. Thomas*, No.19-1558, 2020 WL 8262816, at *3 (6th Cir. Jan. 6, 2020) (holding that the district court properly dismissed a deliberate indifference claim premised on the defendants' alleged failure to respond to administrative grievances, finding that allegations that defendants had an opportunity to resolve grievances too conclusory to state a claim for relief and that supervisors are not subject to liability under § 1983 for the denial of administrative grievances or the failure to act).[4]

More importantly, "liability under Section 1983 must be based on active unconstitutional behavior and cannot be based upon a mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). *See also Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). Plaintiffs have not alleged any facts that would plausibly suggest that the named defendants acted unconstitutionally.

---

[3] In this regard, the complaint includes a list of defendants with a reference number and date for the submitted grievance. (*See* Doc. 3, Complaint at PageID 3). The complaint otherwise fails to allege any personal involvement as to the named defendants.

[4] To the extent that plaintiffs claim that the grievance procedure failed to produce the correct outcome, this cannot give rise to a § 1983 claim because "[p]rison inmates do not have a constitutionally protected right to a grievance procedure." *Miller v. Haines*, No. 97–3416, 1998 WL 476247, at *1 (6th Cir. Aug. 3, 1998) (citations omitted).

Instead, plaintiffs allege only that the defendants recklessly and carelessly failed to take action, which amounts to negligence. Negligence that does not rise to the level of deliberate indifference is insufficient to state a claim under Section 1983. *E.g., Cameron v. Bouchard*, 815 F. App'x 978, 984 (6th Cir. 2020). "Section 1983 liability cannot be based upon a defendant's handling of a grievance or failure to remedy unconstitutional behavior committed by others." *Taylor v. First Med. Mgmt.*, No. 18-5282, 2019 WL 1313828, *3 (6th Cir. Feb. 21, 2019). *See Warren v. Doe*, 28 F. App'x 463, 464 (6th Cir. 2002); *Ritchie v. Wickstrom*, 938 F.2d 689, 692 (6th Cir. 1991).

In any event, even if the Court could conclude that the presence of mold in W-44 rose to the level of a constitutional violation and that defendants were intentionally and deliberately indifferent, the complaint must still be dismissed because plaintiffs have failed to allege that they suffered a physical injury that was caused by exposure to black mold. *See, e.g. Reid v. Nassau County Sheriff's Dep't*, No. No. 13-cv-1192, 2014 WL 4185195, at *14, n.14 (E.D.N.Y. Aug. 20, 2014) (collecting cases). Although plaintiffs seek damages for "pain and suffering," they do not allege that they have suffered any injury or health issue based on the alleged exposure. For this reason, too, the Eighth Amendment claim must be dismissed.

Finally, as to plaintiffs' assertion that charges of "reckless endangerment" should be brought against defendants, this assertion fails to state a claim for relief.[5] Courts in Ohio have held that a plaintiff cannot assert a claim predicated upon an alleged violation of a criminal statute because "[c]riminal violations are brought not in the name of an individual but rather by, and on behalf of, the state of Ohio or its political subdivisions." *Biomedical Innovations, Inc. v.*

---

[5] Criminal Damaging or Endangering, Ohio Rev. Code Section 2909.06(A)(2), prohibits "[r]ecklessly, by means of fire, explosion, poison gas, poison, radioactive material, caustic or corrosive material, or other inherently dangerous agency or substance," causing or creating a substantial risk of physical harm to any property of another without the person's consent.

*McLaughlin*, 658 N.E.2d 1084, 1086 (Ohio 1995). *See also Culberson v. Doan*, 125 F. Supp. 2d 252, 279-80 (S.D. Ohio 2000) (applying the principles of Ohio law set forth in *Biomedical Innovations* to dismiss plaintiff's claim of obstruction of justice predicated upon alleged violations of Ohio Revised Code §§ 2923.31 and 2923.32); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Therefore, plaintiffs have failed to state an actionable claim to the extent that they seek criminal charges against the named defendants.

Accordingly, the complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because plaintiffs have failed to state a claim upon which relief may be granted.

## IT IS THEREFORE RECOMMENDED THAT:

1. The plaintiffs' complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiffs leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## NOTICE REGARDING OBJECTIONS:

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy

of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


Date: January 24, 2023                           */s/ Caroline H. Gentry*
                                                 Caroline H. Gentry
                                                 United States Magistrate Judge